NEW-YORK,
May, 1838.

Thomas
v.
The People.

---

## THOMAS *vs.* THE PEOPLE.

In a proceeding under the 26th section of the act to punish fraudulent debtors, the value of the property removed or secreted must be stated in the complaint, so that it may affirmatively appear that it does not exceed fifty dollars.

A complaint that a debtor has removed his property to places unknown, is not equivalent to a charge that he has removed his property out of the county or secreted the same, with intent to defraud, &c.

A debtor proceeded against, on the ground of having removed his property, is entitled to show that the removal consisted in taking it with him on a change of residence of himself and family; and that his intended removal was communicated to several persons in the place of his former residence. It is not necessary to show that such intended removal came to the knowledge of the complainant.

ERROR from a court of special sessions. Horace Thomas was convicted at a court of *special sessions*, in the county of Tompkins, of a misdemeanor under the 26th section of the act to abolish imprisonment for debt and to *punish fraudulent debtors*, Statutes, sess. of 1831, p. 396, 402, and fined

$50. The conviction was removed into this court by *cer-* <span>NEW-YORK,<br>May, 1838.</span>
*tiorari.*

<span>Thomas<br>v.<br>The People.</span>

From the return, it appeared that the complaint was, that the defendant, on, &c. at, &c. had *removed his property to places unknown,* with intent to defraud William Tefft, junior, & Co. of their just debt against him of fifty dollars, and to prevent the same from being liable to any process to be issued against him. The value of the property alleged to have been removed was *not stated.* The cause was tried by a jury. It was clearly proved that the defendant removed his family and property from Ithaca, in the county of Tompkins, his former residence, and that he was arrested at Buffalo. He offered to prove that he had told several persons in Ithaca of his intended removal: which evidence was rejected by the court, unless followed up by proof that such intention came to the knowledge of the complainant previous to the removal. The jury found the defendant guilty Before judgment was pronounced, the defendant objected to the *jurisdiction* of the court: which objection was overruled.

*G. D. Beers,* for the plaintiff in error.

*S. Beardsley,* (attorney general,) for the people.

*By the Court,* BRONSON, J. The conviction was wrong on the merits, but as there was a trial by jury, it cannot be reversed upon that ground. 2 R. S. 718, § 44. There are however, several errors in law upon which it must be reversed. The statute, § 26, makes a party liable who shall remove his property out of any county with intent to prevent the same being levied upon by execution. The complaint against the defendant contains no charge within this clause of the section. Proceedings may also be had under this statute against the person who shall *secrete,* assign, convey, or otherwise dispose of his property *with intent to defraud* any creditor, &c. If the design was to charge the defendant with *secreting his property,* the allegation should have been directly made ; *removing* the property to *places un-*

*known*, does not necessarily amount to the same thing. In truth, the only matter the complainant had to allege against the defendant was, not that he had *secreted*, but that he had *removed his property out of the county*, and that allegation he failed to make.

The *value* of the property removed should have been stated; for if it exceeded fifty dollars, the special sessions had not jurisdiction. *Powers* v. *The People*, 4 Johns. R. 292. Here the value was not stated, and, from the evidence, there can be but little doubt that it exceeded fifty dollars.

The offence of which the defendant was guilty, if any, was removing with his family and goods to the west. He offered to prove that he told several persons in Ithaca, that he was going away with his family as he did, which evidence was overruled by the court, unless he could prove that it was known to the complainant. This decision was clearly wrong.

Judgment reversed.