## SUPREME COURT.

The People *ex rel.* THE SUPERINTENDENTS OF THE POOR OF CORTLAND COUNTY agt. R. H. DUELL, County Judge, and others, justices of Cortland County Sessions.

A defendant who is proceeded against under the statute, charged with being the father of a bastard child, cannot be sworn as a witness (although notice has been duly given) in his own behalf. Section 399 of the Code, has no application to bastardy proceedings, under our statute.

In the first place, the Code has no application to a court of sessions; nor to courts of oyer and terminer.

In the second place, § 471 of the Code, excepts from its operation special statutory remedies not before obtained by action; like the present proceedings in bastardy. The common law never gave an action against the putative father of a bastard child.

A *common law certiorari*, issued to bring up the judgment and proceeding in a case of bastardy, does not bring up for review, the evidence given upon the trial; nor the decisions as to the admission or rejection of evidence.

*Broome Special Term, February,* 1858.

ON the 2d day of April, 1857, two justices of the peace, of the county of Cortland, made an order of filiation, against one Eli Rummer, charged with being the father of a bastard child, then lately born.

Rummer appealed from the order to the court of sessions of Cortland county; and the case was tried on the 4th Monday in May, 1857.

The mother of the child was sworn, as a witness, in behalf of the superintendents, and testified amongst other things, that Rummer was the father of the child.

Other witnesses were sworn, and gave testimony in behalf of the superintendents.

After they rested, Rummer was offered as a witness, in his own behalf, under the 399th section of the Code, notice thereof having been duly given.

The counsel for the superintendents, objected to his being examined as a witness in his own behalf, on the grounds stated in the opinion below.

The objection was overruled, and Rummer was sworn as a witness in his own behalf, and gave testimony in the case, and testified, amongst other things, in substance, that he was not the father of the child.

After the evidence was closed, the court of sessions, quashed the order of filiation, and Rummer was discharged. And therefore the superintendents sued out a common law certiorari, directed to the said court of sessions, to which a return was made, embracing the above facts.

HORATIO BALLARD, *attorney for plaintiffs.*
M. GOODRICH, *attorney for defendants.*

MASON, Justice. The court of sessions of Cortland county, most certainly erred in allowing the defendant to be sworn in this case.

The defendant, who is proceeded against, under our statute,

charged with being the father of a bastard child, cannot be sworn as a witness in his own behalf. The 399th section of the Code, as amended in 1857, has no application to bastardy proceedings, under our statute.

In the first place, the Code has no application to the court of sessions; and in enumerating the courts to which it is to be applied, as a code of procedure, does not name courts of sessions; and it is very clear that it has no application either to courts of sessions or oyer and terminer.

But again, by section 471 of the Code, it is provided, that "until the legislature shall otherwise provide, this act shall not affect proceedings upon mandamus, prohibition, nor appeals from surrogates' courts, *nor any special statutory remedy, not heretofore obtained by action.*" Now, the proceedings under the statute to charge the putative father of a bastard child for its support, is a special statutory remedy, not existing at common law, and never obtained by action.

The common law never gave an action against the putative father of a bastard child. (1 *Blackstone's Com.* 458.)

This 471st section of the Code, expressly declares that the Code shall not be applied to such a case. And besides, these proceedings in bastardy are *quasi* criminal. (*Barbour's Criminal Law*, 522.)

I am without a doubt that the court of sessions erred in allowing the defendant, in this case, to swear himself clear of the charge, or to be sworn in his own behalf, and wish we had the right to correct the error on this common law certiorari.

But I am satisfied that we cannot. A common law certiorari, issued to bring up the judgment and proceedings in a case of bastardy, does not bring up for review the evidence given upon the trial, nor the decisions, as to the admission or rejection of evidence. (*The People ex rel. Shipman* agt. *The Overseers of the Poor of the town of Barton*, 6 *How.* 25; *The People ex rel. Crandall* agt. *The Overseers of the Poor of the town of Ontario*, 15 *Barb.* 286; *Haviland* agt. *White and White*,

*Overseers, &c.,* 7 *How.* 154; *The People ex rel. Bodine* agt. *Goodrich and others,* 1 *Selden* 568.)

The proceedings must be affirmed therefore; but, as this is a common law certiorari, no costs are given.