THE PEOPLE, Plaintiff in Error, *v.* JOEL B. THOMPSON, Defendant in Error.

Upon a writ of error, in criminal cases, the review, both in this and the Supreme Court, is confined to questions of law arising upon exceptions taken upon the trial, and errors appearing upon the record. The evidence constitutes no part of the record, and must be disregarded, except for the purpose of determining the materiality of exceptions.

Mistakes of the court upon the trial, or of the jury in giving their verdict, are no grounds for a motion in arrest of judgment, which can only be based upon some defect in the record.

Accordingly, where, upon the trial of an indictment for murder, in the first degree, the prisoner, upon being found guilty of murder in the second degree, moved in arrest of judgment, on the grounds that there was no evidence justifying a conviction for the offense; and, also, that a convic tion for murder in the second degree could not be sustained under the indictment.—*Held*, 1st. That under an indictment for murder in the first degree, a conviction of murder in the second degree may be upheld; 2d. That although it appear upon the evidence, the whole of which was inserted in the bill of exceptions, that the commission of that crime was not proved, in the absence of any proper exception this was no ground of reversal on writ of error; and 3d. That the motion in arrest, not being based upon any defect in the record, was properly denied.

*Keefe* v. *People* (40 N. Y., 348), followed.

(Cause argued June 24th, 1869, and decided September 25th, 1869.)

ERROR to the Supreme Court, in the third judicial district, to review the judgment of that court reversing a

conviction in the Court of Oyer and Terminer, in Rensselaer county, of the defendant in error, for the murder of one Bailey.

The conviction was for murder in the second degree. The indictment contained three counts, all charging murder in the first degree. It appeared upon the trial, that on the evening of January 26th, 1867, Thomas H. Bailey was shot by the prisoner, in River street, in the city of Troy. The evidence on the part of the prosecution tended to show that Bailey overtook the prisoner near the Ronalds House, in River street, and when within four feet of him, said to the prisoner, "I want to see you;" and that the prisoner immediately turned to Bailey, and saying, "I want to see you, Bailey," fired a revolver at Bailey, and the ball penetrated the right auricle of the heart, causing instant death.

On the part of the prisoner, evidence was introduced tending to show that Bailey was incensed at the prisoner on account of an alleged insult by the latter to Bailey's sister; that he was looking for the prisoner with the avowed intention of chastising him, and that he was, physically, a much more powerful man than the prisoner; that Bailey's hostile intentions were known to the prisoner at the time of the homicide, and that when they met, and before the pistol was fired, Bailey violently slapped the prisoner's face, who, thereupon, retreated a few paces, and fired the fatal shot.

After verdict, and when brought up for sentence, the prisoner moved, in arrest of judgment, that neither in the record nor the evidence was there any ground for convicting the prisoner of murder in the second degree; that under the charge and the evidence, the jury have convicted the prisoner of murder, in the absence of any intention to kill, when the only proper verdict should have been manslaughter, or justifiable homicide; that the law does not authorize a conviction of murder in the second degree, upon an indictment charging murder in the first degree. The motion was denied, "but the court allowed that such motion, in arrest of judgment, might be made a

part of the bill of exceptions; and the prisoner, by his counsel, duly excepted to the decision of the court in denying the motion in arrest."

The prisoner was sentenced to State prison, for the term of twenty years and three months.

Several exceptions to the admission and exclusion of evidence, are noticed in the opinion of the court.

The bill of exceptions contained all the evidence given upon the trial.

*Henry Smith* and *Francis Rising*, for the plaintiff, in error, upon the point that the prisoner was properly convicted of murder in the second degree, cited, 2 R. S., 702, § 27; *Fitzgerald* v. *People* (37 N. Y., 413); *People* v. *Lamb* (2 Keyes, 360); *McKee* v. *People* (3 Abb., N. S., 217). That motion, in arrest of judgment, was properly denied, and could only be made for matters appearing upon the record; and that a writ of error does not bring up for review the proceedings upon such a motion in arrest, they cited, 3 Wheaton Cr. Law, § 3044; 2 R. S., 736; *Wynhamer* v. *People* (20 Barb., 567); *Freeman* v. *People* (4 Den., 21); *People* v. *McCann* (3 Park., 290).

*Lyman Tremain*, for the defendant in error, upon the point that the prisoner could not be properly convicted upon the evidence, of murder in the second degree, and on that ground this conviction was properly reversed on writ of error, he cited, *People* v. *McCann* (6 Parker, 629); *People* v. *Skeehan* (49 Barb., 219); *Fitzgerald* v. *People* (37 N. Y., 413); *Lanergan* v. *People* (50 Barb., 266); Laws of 1862, chap. 197, § 6; *People* v. *Morrison* (1 Parker, 625). That under an indictment for murder in the first degree, a conviction for murder in the second degree cannot be sustained, he cited, *People* v. *Dedieu* (22 N. Y. R., 178); 2 Hale, Pl., 168, 192–3; Archbold, Cr. P., 46; *People* v. *Allen* (5 Den., 76); *People* v. *Taylor* (3 Den., 91); *Fellenger* v. *People* (15 Abb., 129); *Leary* v. *People* (4 Park., 187); *People* v. *Lohman* (2 Barb., 216, 219).

GROVER, J. The question whether a judgment convicting the accused of murder in the second degree, upon a common law indictment for murder, is erroneous, was decided against the defendant by this court, at the June term, 1869, in *Keefe* v. *The People*, (1 Hand, 348). In that case such a judgment was affirmed. In that case, the question was raised upon the merits, unaccompanied by any exceptions. Although, in the present case, it appears that exceptions were taken upon the trial, yet none were taken to any ruling upon the point under consideration. In respect to that, this case cannot be distinguished from *Keefe* v. *The People*, and the order of the Supreme Court, reversing the judgment and awarding a new trial, must be reversed unless sustained upon some other ground. In the present case we have the entire testimony and proceedings upon the trial. From this testimony it appears that the defendant was not, at the time he caused the death of Bailey, engaged in the commission of any felony other than arson in the first degree, and was not, therefore, guilty of murder in the second degree; but, if guilty of any crime, it was that of murder in the first degree, or of manslaughter in some degree. The counsel for the defendant insists that, although no exception was taken to any ruling made upon the trial, or any exception taken to the charge, yet, when the court can see that the accused has been convicted of a crime of which he was not legally guilty, it is its duty to reverse the judgment and order a new trial, or discharge him, as the case may require. This presents the question, whether the Supreme or this court, upon a writ of error, can review the conviction upon the merits, or whether such review is confined to questions of law arising upon exceptions taken upon the trial. That the latter only can be considered, is perfectly clear. The right of review upon writ of error, in criminal cases, was not given by the common 'aw; it depends entirely upon the statute, and the court possess the power only conferred by the statute. Section 23, 1 R. S., page 736, gives the right to the accused of taking exceptions to the decision of the court upon the trial of

indictments, and subsequent sections that of review upon error. These sections show that the right of review embraces only such decisions of the court as were excepted to, and· errors that appear in the record. The testimony constitutes no part of the record, and must be disregarded by the court. except for the purpose of determining the materiality of exceptions taken to some decision of the court. In respect to the question under consideration, the testimony might as well have been omitted, for with that, neither the Supreme or this court have anything to do. The counsel also insists that he has the right to raise the question, in the present case, for the reason that the case shows that a motion, in arrest of judgment, was made upon this ground in the Court of Oyer and Terminer. The answer to this is, that this was no ground for any such motion; that could only be based upon some defect in the record, and not upon any mistake of the court upon the trial, or of the jury in giving their verdict. I have examined all the exceptions appearing in the case, and arrived at the conclusion that none of them were well taken. The challenge of the juror, Whyland, was rightly sustained by the court. He testified that he was third cousin to the defendant's wife, by marriage. This rendered him incompetent. Potter was a competent juror. It appeared, from his testimony, that he had read an account of the transaction in the newspaper, and derived some impression therefrom; but had no fixed opinion. The testimony of Low, that Bailey was in a playful mood while he and witness were going from the engine house to the place where the transaction occurred, was not material at the time when it was received. It had, at that time, no possible bearing upon any question then presented by the evidence, or any issue in the case. It was, at that time, no more competent than proof of the conduct of Bailey at any other time, or of his general moral character. Such evidence might have prejudiced the defendant, by exciting in the minds of the jury a sympathy for Bailey. The exception thereto was well taken, unless it was rendered competent by the evidence subsequently given. From this

evidence the defendant sought to show that, during the time in question, Bailey was excited and vindictive toward the defendant, looking for him for the purpose of severely chastising him. In answer to this, the evidence objected to was proper for the consideration of the jury. This obviates the exception. What the defendant said as to the occurrence after he was arrested, and while on the way to the station house, was properly excluded. It was no part of the *res gestæ.* The same remark applies to what was said by him after arriving at the station house. The court did not err in denying the motion to strike out the testimony of the declaration of the defendant: "I will kill him." True, the proof did not directly show that the defendant referred to Bailey, but the facts tended to prove that he did so refer. He had a pistol; had been told that Bailey was in pursuit of him, and, upon Bailey's approaching him, there was proof that he told Bailey he had been looking for him. This rendered the testimony proper for the consideration of the jury. The people had the right to show that the defendant's witness, McCormick, went to Boston just previous to a former term of the court, with a view of enabling the defendant to put over the case. This tended to impair his credibility. It is well settled that the comments of the judge upon the testimony, in his charge to the jury, when all the questions of fact are submitted to their determination, cannot be excepted to. All the exceptions taken to the charge are of this character. There was no exception taken to that portion of the charge to the effect that the jury might convict the defendant of murder in the second degree, if they found that his intent to effect the death of Bailey was less deliberate and atrocious than what was requisite to justify a conviction in the first degree. This portion of the charge was erroneous; but, having failed to except thereto at the time, the defendant cannot now avail himself of the error. This, at first view, would seem to be a hardship, that a party should be unable to reverse a judgment convicting him of a crime of which he was not legally guilty. But the apparent hardship is

much diminished, if not entirely removed, when it is considered that the defendant deliberately acquiesced in the error, and availed himself of its benefit in preventing a conviction of murder in the first degree.   There is no injustice in closing his mouth now, in this respect, when he chose to keep it closed for such a purpose, at a time when the error might have been corrected, had he called attention to it.   The order of the General Term, reversing the judgment of the Oyer and Terminer, must be reversed, and that judgment affirmed.

All the judges concurring, except MURRAY, J., who, not having heard the argument, did not vote.   Judgment of the Supreme Court reversed, and conviction affirmed.