# SUPREME COURT.

## In the Matter of Emma Travis.

*Form of commitment — Disorderly person — Record of conviction — what it must contain.*

The jurisdiction of inferior courts and magistrates *must affirmatively* appear.

A statement that any act has been regularly or duly done is not sufficient; the preliminary steps must be stated so that it can be seen that all was due and regular. The liberty of the citizen cannot depend upon the declaration of the magistrate that he has done all that the law requires, but upon the actual performance of those duties.

In the absence of any proof showing a valid complaint, the issue of a warrant, the arrest of the prisoner, the bringing her before the magistrate, and the proceedings upon such arraignment, the prisoner cannot be detained upon the warrant which is returned as the sole cause and right of detention.

On *habeas corpus* to inquire into the imprisonment of a party for failure to give security as required by the act in relation to disorderly persons (2 *R. S.* [*6th ed.*], *page* 893) a commitment issued by a police justice which simply states that E. T. "has been duly convicted before me," &c., without stating any facts showing the conviction was duly had, is insufficient and the prisoner must be discharged.

The magistrate is required "to make up, sign and file in the county clerk's office a record of the conviction of such offender as a disorderly person, specifying generally the nature and *circumstances* of the offense."

A record of conviction in such case which does not show the arraignment of the prisoner, her confession or denial of the charge, the examination of witnesses in her presence, the nature and character of the testimony, and above all the *circumstances* of the offense, is defective and does not show that there has been a *regular* conviction as the warrant of commitment recites.

It is no compliance with the statute for the magistrate to use the language of the act and say that E. T. is a disorderly person, "or that she was and is a common prostitute," for that is a simple conclusion depending upon "the *circumstances*" which are not detailed.

In describing the offense a mere compliance with the terms of the statute will not suffice. The *particular circumstances* which leads to the opinion of the magistrate must be set forth, and not the mere result or conclusion from them.

*Albany Oyer and Terminer, July,* 1878.

HABEAS CORPUS to inquire into the imprisonment of Emma Travis.

*Mr. Hitt,* for prisoner.

*Mr. Hotaling,* district attorney, for people.

WESTBROOK, *J.*— To the writ of *habeas corpus* issued in the above matter, the keeper of the Albany penitentiary returns, that he holds the said Emma Travis under a warrant of commitment issued by W. K. Clute, a justice of the peace and police justice, for a failure, on her part, to give security to keep the peace, upon her conviction of being a disorderly person. The warrant recites as follows: "Whereas, Emma Travis has this day been duly convicted before me, W. K. Clute, one of the justices of the peace in and for the city and county of Albany, and police justice of said city, upon the complaint, on oath, of John Domery, and upon the testimony of John Domery and Margaret Quirk, of being a disorderly person, for that the said Emma Travis was and is a common prostitute. And, whereas, upon such conviction, the said Emma Travis was by me required," &c.

The counsel for the prisoner objects to the sufficiency of the commitment because it simply states that Emma Travis "has been duly convicted before me," &c., without stating any facts showing the conviction was duly had. Nothing is better settled than that the jurisdiction of inferior courts and magistrates must affirmatively appear. A statement that any act has been regularly or duly done is not sufficient; the preliminary steps must be stated, so that it can be seen that all

was due and regular. The liberty of the citizen cannot depend upon the declaration of the magistrate that he has done all that the law requires, but upon the actual performance of those duties. In the absence, then, of any proof showing a valid complaint, the issue of a warrant, the arrest of the prisoner, the bringing her before the magistrate, and the proceedings upon such arraignment, the prisoner cannot be detained upon the warrant which is returned as the sole cause and right of detention.

The prisoner, however, has not rested her case upon the simple warrant of commitment, but has produced the record of conviction, which was filed in the Albany county clerk's office, and claims that there has been no regular conviction, as the warrant of commitment recites. Her right to do so is unquestionable, for the *habeas corpus* act (3*d R. S.* [6*th ed.*], *p.* 878, *sec.* 3) provides: " The court or officer before whom the party shall be brought, on such writ of *habeas corpus,* shall, immediately after the return thereof, proceed to examine into the facts contained in such return, and into the cause of the confinement or restraint of such party, whether the same shall have been upon commitment for any criminal, or supposed criminal matter or not." In making such examination required by this section, the court must look at the record of the conviction which the statute (*vol.* 2, *R. S.* [6*th ed.*], *p.* 893, *sec.* 2) requires the magistrate to file. Tested by the statute, the pretended record utterly fails. The magistrate is required " to make up, sign, and file in the county clerk's office, a record of the conviction of such offender, as a disorderly person, specifying generally the nature and circumstances of the offense." What a record in a case like the present must contain, is very clearly set forth in *The People* agt. *Phillips* (1 *Parker's Crim. Reps.*, 95) by judge EDMUNDS. The one now produced does not show the arraignment of the prisoner, her confession or denial of the charge, the examination of witnesses in her presence, the nature and character of the testimony, and, above all, it fails to state what the statute

Matter of Travis.

requires, "the *circumstances* of the offense." It is no compliance with such statute for the magistrate to use the language of the act and say that Emma Travis is a disorderly person, " for that she was and is a common prostitute," for that is a simple conclusion by him depending upon "the *circumstances*," which are not detailed. Judge EDMUNDS, in the case above cited (*page* 104), has well said: " In describing the offense, a mere compliance with the terms of the statute will not suffice, for if a magistrate merely states the facts of the offense, in the words of the act, when the evidence does not warrant the conclusion, he subjects himself to a criminal prosecution (*R.* agt. *Thompson*, 2 *T. R.*, 18 ; *R.* agt. *Pearce*, 9 *East*, 358 ; *R.* agt. *Davis*, 6 *T. R.*, 171 ; *Ardry* agt. *Hoole*, *Cowp.*, 825). The particular circumstances which conduce the opinion of the magistrate must be set forth, and not the mere result or conclusion from them (2 *Rob. Jus.*, 546)." In announcing the decision that the prisoner must be discharged, it is proper that the court should also state that personal liberty must be carefully guarded. It is true that no false humanity should recklessly open prison doors and allow the criminal to go free, but it is equally true that summary convictions, under special statutes, should be carefully scrutinized, and should be upheld only when it affirmatively appears that all the guards of the law have been regularly passed, and legal requirements literally complied with.

There is no intent in the present case to unduly criticise the action of the magistrate. Perhaps all his steps were regular, and his conclusions just, but his record should have shown them to be so. The forms (it is due to him to say) of his commitment and record are those found in a well-known text-book; but they are clearly bad, as we have endeavored to show, and cannot, therefore, be upheld.