JOHN HUNT, Plaintiff in Error, *v.* THE PEOPLE OF THE
STATE OF NEW YORK, Defendants in Error.

A writ of error from this court, reaches only the record in a criminal
action; it does not bring up for review proceedings subsequent to the
judgment, and no part of the record.

Plaintiff in error was tried and convicted, upon an indictment for grand
larceny; after verdict he moved that judgment be arrested, on the
ground that one of the justices of the Court of Sessions, before which he
was tried, was disqualified to act as judge in the case, which motion
was founded upon affidavits. The motion was denied. Upon writ of
error to this court, *held*, that the motion could not be regarded as one
in arrest of judgment, as such motion is based entirely upon some defect
in the record; that it was, in fact, an application for a new trial; that
the writs of *certiorari* from the Supreme Court brought up the record
and all the papers upon said motion, and the affirmance of the judgment
there ended the purpose and office of said writ; but that the writ of error
from this court did not bring up the proceedings on the motion, as they
were subsequent to the judgment and no part of the record.

(Argued December 17, 1878; decided January 21, 1879.)

ERROR to the General Term of the Supreme Court, in the
third judicial department, to review judgment affirming a

judgment of the Court of Sessions, in and for the county of Cortland, entered upon a verdict convicting plaintiff in error of the crime of grand larceny.

Plaintiff in error was jointly indicted with one Charles Beckwith, who pleaded guilty. After verdict, and before sentence, plaintiff in error asked that judgment be arrested, upon the ground that George S. Sands, one of the justices of the sessions and members of the court by which plaintiff in error was tried, was counsel for Beckwith and acted as such. The application was founded upon affidavits; it was denied said plaintiff in error.

*Oliver Porter,* for plaintiff in error. It was error to receive the affidavit of Justice Sands. (*People* v. *Dahring,* 59 N. Y., 374.) The plaintiff in error was not tried before a legally constituted court. (New Code, § 46; *McLaren* v. *Chanier,* 5 Paige, 530; *Ten Eick* v. *Simpson,* 11 id., 117; *People* v. *Shaw,* 3 Hun, 272; *Oakley* v. *Aspenwall,* 3 N. Y., 547; *Baldwin* v. *McArthur,* 17 Barb., 414; *Converse* v. *McArthur,* id., 410; *Schoonmaker* v. *Clearwater,* 41 id., 200; *Carrington* v. *Andrews,* 12 Abb., 348; *People* v. *Abbott,* 19 Wend., 191–201; *People* v. *Porter,* 4 Park., 524; *Chambers* v. *Clearwater,* 1 Abb. C. A. D., 341; 1 Barnard's Trial, 68; *Graham* v. *Linden,* 50 N. Y., 547–549; *Hall* v. *Thayer,* 150 Mass., 219.)

*B. A. Benedict,* district attorney, for defendant in error. The justice, Sands, was not disqualified from sitting in the case. (3 R. S. [5th ed.], 466, § 8.) If conviction and judgment should be reversed because the court was not a legal one, the case will be sent back for a new trial. (*Shaw* v. *People,* 3 Hun, 272.)

MILLER, J. The question raised by the prisoner's counsel, whether Sands, one of the justices of the Court of Sessions before which he was tried and convicted was competent to sit, is not presented by the writ of error in this case. The

objection to Sands' competency was founded on affidavit, and does not appear from the record itself. The affidavit pre sented a question as to the right of the court to try the prisoner, and was in fact an application to the court for a new trial, on the ground that Sands was disqualified to act as a judge in the case. This perhaps was authorized under § 40 of chap. 33 of Session Laws of 1859. But it could not be regarded as a motion in arrest of judgment, for such motion is based entirely on some defect in the record. (*People* v. *Thompson*, 41 N. Y., 1; *People* v. *Allen*, 43 id., 28.) The record shows no such defect, and hence presents no question for review.

The writ of certiorari from the Supreme Court to the Court of Sessions brought up the record, and all the papers upon the motion for a new trial, and the affirmance of the judgment there, ended its purpose and office.

The writ of error from this court does not bring up these proceedings, as they are subsequent to the judgment, and no part of the record. It reaches only errors in the record itself, and does not present the question raised for review.

This point was distinctly decided by this court in *The People* v. *Casey* (72 N. Y., 393). See opinion of EARL, J., and authorities cited.

A serious question would arise as to the legality of the proceedings if the point was presented by the writ of error. As it is not no error appears upon which any relief can be granted, and the judgment of the General Term affirming the conviction must be affirmed.

All concur.

Judgment affirmed.