Rumsey, J.
On January 5, last, the defendants were arraigned in the court of the police justice of the city of Rochester, upon a charge that they were vagrants. They were tried on that charge before George W. Sill, Esq., one of the judges of the municipal court sitting for the police justice, and were by him convicted of the offense charged, and sentenced to the Monroe county penitentiary for thirty days. From that judgment these writs of certiorari were sued out, the prisoners, in the meantime, being on bail.
The defendants object, to the judgment, that it does not appear that the judge of the municipal court has any jurisdiction ; that the record of conviction is totally insufficient, and that there is no evidence to support the charge.
An objection is also made to the sentence, but that objection is based on facts contained only in the affidavits on which the writs were granted, and which do not appear elsewhere, and as those affidavits are no proper part of the return and ought not to be attached to it, I cannot consider them (Starkweather v. Seeley, *72 45 Barb. 164 ; People ex rel. Simonds v. Ryken, 6 Hun, 625).
The jurisdiction of the police justice of the city of «• Rochester is derived from section 265 of chapter 14 of the Laws of 1880. By section 267 of the same act, an attempt has been made to transfer to some ether officers of the city, the jurisdiction of the police justice in certain cases. The part of that section necessary to refer to is as follows :
“A judge of the municipal court .... shall have all the jurisdiction, authority, and power of the police justice, upon the production, to such judge, of the certificate of the police justice ... in the absence of the police justice from the city, or of his severe illness, disabling him from acting, which certificate shall be in writing and be filed with the police clerk before the issuing of any process or proceeding in any manner in the cause.”
The statute is clumsily expressed, but it is clear, as I think, that under its requirements the judge of the municipal court has no jurisdiction to act for the police justice, until the certificate has been filed with the clerk.
Such is the express enactment, that it must be filed with the clerk before proceeding in any manner. The statute thus requires this filing as a condition precedent to the jurisdiction of the judge, and in this respect it is not directory merely,' but mandatory (Hunford v. City of Omaha, 4 Neb. 336 ; 1 Kent Comm. 465).
By well-settled rules, everything necessary to show the jurisdiction must appear in the return, and if it does not appear, the presumption is that it does not exist (Frees v. Ford, 6 N. Y. 176). The return here shows that such a certificate was made, but it does not show that it was filed, and consequently it does not *73 topear, by the return, that the sitting magistrate had any jurisdiction.
This defect is sufficient to require the reversal of the judgment, but it was requested, on the argument, that the question, raised as to the form of the record of conviction, should be passed upon also, and I have therefore examined that question with care.
Before stating my conclusions upon it, however, I shall dispose of "another question, which is presented only in the case of Lynch.
The return in each case was filed on February 7, 1881, and, in Lynch’s case, Judge Sill, on February 28, 1881, without any order of this court, and after the time, specified in the writ, for the return, made and attached to the return, then on file, a new record of conviction, setting out in full all the proceedings had before him, but not containing the certificate of the police justice as required by section 267, swpra. The objection is taken that the judge, having made his return, and caused it to be filed, cannot make a new ,or further return of his own motion, but such return can only be made when ordered by the court. Such has always been the practice, and I can find no precedent for allowing the inferior tribunal to change or amend the record after it has entirely passed from its control and become a record of the supreme court. I have been referred to cases where the magistrate has been allowed, after making his first record, to draw up and file as his return to the reviewing court, a more complete and formal record. But that was done, while the record was yet under the control of the magistrate, and before it had become a part of the record of the superior tribunal. After that, he had no authority to interfere with it, unless, by order, it is sent back to him for a further return. The second record, therefore, is no part of the return and cannot be regarded. If it were to be considered as a part of the record in this court, it *74 does not remedy the defect in the first one, and therefore it could not change the result of this case.
The writ of certiorari is the only mode provided by the common law or in this State for reviewing a summary conviction by an inferior tribunal. There has, however, been considerable confusion as to the power of this court to review these convictions on the merits, and as to the extent to which the merits might be examined. This confusion has arisen, 1 think, from the fact that the writ brings up from the inferior tribunal only the record, and where there is strictly no record, the courts have not been unanimous in requiring what the return should contain, and, consequently, to what extent they could review the action of the court or tribunal below. But in reviewing summary convictions the courts have always examined the evidence sufficiently to see that the conviction Avas lawful on the face of the record (Mullins v. People, 24 N. Y. 399, 403). To enable them to do this, they have required that the record of conviction which the magistrate must make up should contain, among other things, the evidence taken before him (Mullins v. People, supra ; cases cited by counsel in Niblo v. Post, 25 Wend. 301-303). This was required because the writ brought up only the record, and unless the evidence was in the record the court had no way of examining it (cases last cited).
So strictly has this. rule been observed that in Morris v. People (1 Park. Cr. 441), the court, at general term, in remarking upon a statute which prescribed a form for a record of conviction that did not require the evidence to be inserted, say that it entirely deprives the person convicted of his right to review, because the writ of certiorari brought up nothing but the record. That is still the law in this State, as declared by the court of last resort (Hunt v. People, 76 N. Y. 89 ; People v. Duell, 16 How. Pr. 43).
It is not correct to say, as was said by the counsel *75 for the People, that the writ brings up the record and the evidence.
The correct rule in these cases is that the writ brings up the evidence so far as it is in the record. For these reasons and because the matter must be judged from the record, the courts have insisted that the record should be full and complete. The case of People y. Phillips (1 Park. Cr. 95) must be regarded as a leading case settling the form of such record. And the fact that, after that case was decided, the legislature prescribed another form for the record of conviction in certain cases in the city of New York (Morris y. People, supra), while permitting the old rule to obtain throughout the State, goes far to show that the law-making power intended the old forms to stand. Phillips y. People still prescribes what the record of conviction must contain, and it must stand and ought to stand, as the correct exposition of the law until the legislature shall change it (People v. Charles, Edm. Sel. Cas. 264 ; Matter of Travis, 55 How. Pr. 347). This is not a mere matter of form: in this case, as in many other cases, orderly and formal procedure is the only sure protection for rights of liberty and property. As long as police courts can fine and imprison summarily, almost at will, so long the formal requirements which insure the right of review should be scrupulously observed-The reasons given by Judge Edmonds, in People v. Phillips, for insisting that this record shall contain what he requires, are sensible and founded upon a due regard for the safety of the citizen, and are unanswerable.
Tested by the rules there laid down, this record is entirely insufficient, and the' conviction cannot be supported upon it. For the reasons stated by Selden, J. in Mullins v. People (24 N. Y. 403), the evidence outside the record cannot be reviewed.
But the district attorney claimed that the form of *76 the record of conviction was prescribed for courts of special sessions in the Revised Statutes (2 R. S. 717, § 38). I do not think that section applies to this case. As we have seen, the record of conviction, duly made, containing a history of the whole case, is essential to secure the substantial right of review, and when the record does not contain this, the right of review is practically taken away (Morris v. People, 1 Park. Cr. 441). Therefore the section last cited ought not to be extended to cases where the fair construction of the law does-not require it. It will be noticed that the paper required by this section is not a record of- conviction, but a certificate of conviction, and it is to be filed in twenty (now thirty)- days. It is an entirely different thing from the ancient record, required before the Revised Statutes. But, still, if the statutes contained no other provision in -regard to convictions for vagrancy, I should feel compelled to hold that as to snch convictions, the records of conviction were no longer required, and that their place was supplied by the certificate of conviction, however such holding might diminish the right of a review. But the Revised Statutes have, as to vagrants, retained the records of conviction, and required them to be filed before the commitments (1 R. S. 633, § 3), • and the certificate of conviction, filed thirty days after the judgment, is not sufficient. Therefore, I think that section 38 does not apply to convictions for vagrancy. I am strengthened in this opinion by observing that the provision for a certificate of conviction was a part of a system by which a statutory certiorari might issue to review the action of the special sessions, and to bring up all the proceedings had before that court (2 R. S. [2 ed.] 600), and that this system was afterwards replaced by an appeal to the court of sessions of the county (L. 1857, c. 769). But that provision having been repealed (L. 1859, c. 339) and defendants, summarily convicted, *77 having been remitted to their rights at common law, where, as we have seen, the fall record was essential to their protection, I think that record ought still to be required, where the Revised Statutes will permit it.
I have not examined the last objection, for, as the record returns no evidence, there is nothing to support the conviction. Butt I put my reversal on the two grounds first indicated : that the returns fail to show that Judge Still had jurisdiction under section 267, and that the record of conviction is insufficient.
The conviction in each case is reversed.