THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN RYAN, Respondent, *v.* CHARLES A. WEBSTER, as Superintendent of the Penitentiary of Monroe County, Appellant.

*Courts of Special Sessions — sufficiency of a commitment — Penal Code, § 316 — Code of Criminal Procedure, § 721.*

Courts of limited criminal jurisdiction are not to be held to great strictness in matters of procedure.

A commitment in a Court of Special Sessions which states that a prisoner was charged with "indecent exposure of the person and intoxication," under section 316 of the Penal Code, is sufficient although it does not state that the exposure was willful and lewd or in a public place.

Such a commitment complies with section 721 of the Code of Criminal Procedure, requiring that in a certificate of conviction in a Court of Special Sessions, the offense of which the prisoner is convicted shall be briefly designated.

WARD, J., dissenting.

APPEAL by George D. Forsyth, district attorney, and attorney for the defendant, Charles A. Webster, superintendent, and in the name of the People of the State of New York, from an order of the county judge of Monroe county, entered in the office of the clerk of said county on the 29th day of September, 1894, discharging the relator, John Ryan, from the custody of the defendant, as superintendent of the penitentiary of the county of Monroe.

The commitment under which the relator was held in custody is set forth in the dissenting opinion of Judge WARD.

*Howard H. Widener, Assistant District Attorney,* for the appellant.

No appearance for the respondent.

LEWIS, J.:

The relator was committed to the Monroe County Penitentiary by a justice of the peace of Monroe county.

Upon his petition a writ of habeas corpus was issued by the county judge of Monroe county directed to the appellant as superintendent, requiring him to produce the relator with the cause of his imprisonment and detention. He was produced in obedience to the writ and the keeper made his return to the effect that he held him under a certificate of conviction which he produced; from which it appeared that the relator was brought before the committing magistrate and was there charged with "indecent exposure of the person and intoxication;" that he thereupon requested to be tried by a Court of Special Sessions, and then pleaded guilty ; that he was duly convicted and adjudged to be imprisoned in the Monroe County Penitentiary for the term of ninety days. The order appealed from was made, discharging the relator from further imprisonment. The ground assigned for the order was that the commitment was fatally defective.

In what respect it was defective was not stated, but we assume it to have been that the offense was not designated with sufficient particularity. A form for a certificate of conviction to be made by

a Court of Special Sessions is provided by section 721 of the Code of Criminal Procedure. Among other things, it provides that the offense of which the defendant is convicted shall be "briefly designated." It was the judgment of the court which authorized the commitment and detention of the relator, that the certificate was evidence to the superintendent of his right to receive and detain him in the penitentiary.

It is the contention of the district attorney that the relator was convicted of violating section 316 of the Penal Code, which reads as follows: " Exposure of the person. — A person who willfully and lewdly exposes his person or the private parts thereof in any public place, or in any place where others are present, * * * is guilty of a misdemeanor."

The county judge evidently concluded that the certificate was void for the reason that it failed to state that the exposure was willful and lewd and was in a public place or in a place where others were present. While the proceedings of Courts of Special Sessions should be construed with sufficient strictness to protect the rights of persons charged with crime before those tribunals, too technical rules of construction should not be applied. Such courts are presided over as a rule by men who are not familiar with legal proceedings.

Trials therein are conducted generally quite informally. If the offense of which the person tried is required to be stated in the mittimus with the particularity that is required in an indictment, a very large percentage of the certificates of conviction will prove to be defective.

Such a construction would have the effect to liberate probably most of the persons convicted in these courts. All that the statute requires is a brief designation of the offense, that is, that it shall be pointed out, indicated or named so that the defendant and others shall know of what crime he was convicted and imprisoned. If every constituent which goes to constitute the crime is required to be stated in the certificate, it would not be a brief designation of the offense. All understand when a person is charged with indecent exposure of his person what offense is meant. The relator, we must assume, knew that he was charged with the lewd exposure of his person in a public place, or in a place where others were present.

He was well aware that he was not charged with exposing his person in the privacy of his bedroom. There would be nothing indecent or immodest in such an exposure. The charge of indecent exposure of one's person implies that it was willfully and lewdly done in the presence of others, or where he was likely to be seen by others. Had the certificate recited that the relator was convicted of "assault and battery," all would have perfectly well understood what the crime charged was, and yet such a designation of the offense would have come far short of stating all the elements of the offense of assault and battery.

The case of *The People ex rel. Trainor* v. *Baker* (89 N. Y. 460) sustains our construction of this statute. Trainor was imprisoned in the Erie County Penitentiary under a mittimus issued out of the Court of Sessions of Genesee county. It recited that he was indicted and convicted "for an assault and resisting an officer." It appeared upon the return of the keeper to a writ of habeas corpus that the relator was convicted of the crime of resisting a sheriff in the execution of a process under section 17, chapter 69 of the Laws of 1845, which provided as follows: "Every person who shall resist, or enter into a combination * * * to resist the execution of process, shall be guilty," etc. It was held, after hearing the relator and the keeper, that the relator was not entitled to his discharge because of any imperfection in the mittimus. The relator appealed to the Court of Appeals where the decisions below were affirmed. Judge Earl, writing the opinion of the court, stated that if need be the mittimus could have been amended, and that if the court was required to hold that the relator was convicted of a simple assault and battery, he would not have been entitled to his discharge because of any informality in the mittimus. The mittimus in that case was quite as informal as was the certificate here.

We are not called upon here to review the judgment of the Court of Special Sessions to ascertain whether, when the relator was arraigned, a complete statement of the offense was stated to him, but if we were reviewing the judgment and it was made to appear that the relator was simply charged when arraigned with having indecently exposed his person, he having, pleaded guilty, and not requested a more particular statement of that which constituted the offense, the judgment convicting him of a violation of the section mentioned would, we think, have been good.

All that is required is that the judgment shall sufficiently specify the offense, so as to protect the defendant from again being tried for the same offense, but whether our construction of the form of the judgment be correct or not, we think the intention of the Legislature was that the certificate of conviction should simply mention or designate the offense by the name by which it is popularly and commonly known.

The order appealed from should be reversed.

DWIGHT, P. J., concurred; BRADLEY, J., not voting.

WARD, J. (dissenting):

On the 4th of September, 1894, John Ryan was convicted as appears by the following certificate of conviction:

" COURT OF SPECIAL SESSIONS, } *ss. :*
" COUNTY OF MONROE, TOWN OF PERINTON, }

" *The People of the State of New York* against *John Ryan :*

" The above-named John Ryan having been brought before me, Isaac S. Hobbie, justice of the peace of the town of Perinton, charged with indecent exposure of the person and intoxication, and having requested to be tried by a Court of Special Sessions, and the above-named John Ryan having thereupon pleaded guilty, and having been thereupon duly convicted, we have adjudged that he be imprisoned in the Monroe County Penitentiary for the term of ninety days.

" Dated at the town of PERINTON, in said county, the 4th day of September, 1894.

"I. S. HOBBIE,

" *Justice of the Peace.*"

Upon a certified copy of this judgment the relator was confined in the penitentiary. Upon application to the county judge a writ of habeas corpus was issued by him, directed to the superintendent of this penitentiary, inquiring into the cause of the imprisonment.

The superintendent returned to the writ that the relator was held by him by virtue of the judgment above set forth. Upon such return the learned county judge made an order that the relator be discharged on the ground that " the commitment was fatally

defective," and the question here is whether this discharge can be sustained.

The appellant claims that the discharge was erroneous; that the judgment being valid is conclusive, and the relator could not be discharged upon habeas corpus. There is no appearance here for the respondent or brief submitted. His attorney filed a stipulation that the case might be submitted on the part of the appellant.

It is, nevertheless, the duty of the court to examine the case and dispose of it upon legal principles.

The only inquiry which the county judge could make upon the return of the writ was whether it appeared from the judgment itself that the Court of Special Sessions had jurisdiction. (*The People ex rel. Danziger* v. *The Protestant E. House of Mercy*, 128 N. Y. 185, 186; *The People ex rel. Catlin* v. *Neilson*, 16 Hun, 214.)

By section 2031 of the Code of Civil Procedure the imprisoned party must be discharged " if no lawful cause for the imprisonment or restraint, or for the continuance thereof, is shown."

We assume that the county judge discharged the prisoner, because it did not appear from the judgment that he was held for any crime that the court had jurisdiction to try.

While it is no longer necessary for the judgment of the Court of Special Sessions to recite the facts giving jurisdiction — and it is only necessary to state that the prisoner is charged with some crime that the court has jurisdiction to try, " briefly designating the offense " (Code Crim. Proc. § 721) — still it must affirmatively appear that some offense has been committed by the party charged that is prescribed by the Penal Code or some statute not repealed by it (§ 2), and which " defines the nature of the various crimes." (§ 7.)

The record of conviction states that the relator was brought before the court " charged with indecent exposure of the person and intoxication ;" that the relator thereupon pleaded guilty, and having been duly convicted, was imprisoned, etc.

A Court of Special Sessions is a court of limited jurisdiction, and has no jurisdiction but what is given it by statute, and no presumption will be indulged in in support of such jurisdiction. (*People* v. *Mallon*, 39 How. Pr. 454; *In the Matter of Emma Travis*, 55 id. 347; *Cases of Lynch and Burns*, 9 Abb. N. C. 69.)

And the jurisdiction must appear by the judgment. (*Powers* v. *The People*, 4 Johns. 292; *Matter of Travis, supra; Thomas* v. *The People*, 19 Wend. 480.)

In *People* v. *Maschke* (2 N. Y. Crim. Rep. 168) the record of conviction stated that the defendant was convicted of "the misdemeanor of assault and battery." The court held that a sufficient statement of an offense triable by a Court of Special Sessions in the record. This is undoubtedly so, as the court has power to try assault in the third degree, and that, by the Code, is made a "misdemeanor."

The other degrees of assaults are felonies.

Assuming that the above statement is a statement that the relator was convicted of the offense charged, the question is, of what offense, if any? It was an offense at common law for a person in a public place to willfully expose his person; and in the shameful reign of Charles II Sir Charles Sedley was punished by imprisonment and a heavy fine for standing naked in a balcony in a public park in the city of London. We do not find that any offense of this nature was recognized in any of the statutes of this State until the adoption of the Penal Code, section 316 of which provides that "a person who willfully and lewdly exposes his person, or the private parts thereof, in any public place, or any place where others are present, or procures another to expose himself, is guilty of a misdemeanor."

In 1893 Courts of Special Sessions were given jurisdiction to try the crime of "exposure of the person contrary to law."

This was, undoubtedly, the offense of which it was sought to convict the relator. In the books, to some extent, and in common parlance, the offense has been designated "indecent exposure of person," but in order to convict of the statutory offense three things must concur; the exposure must be in a public place or where others are present; it must be a willful exposure and a lewd one. If any one of these important elements are lacking the crime is not committed. The exposure must be intentional. (*Mills* v. *The People*, 5 Barb. 203.)

It is elementary that, in proceedings to punish all crimes where the intent is material, intent must be alleged and proved.

It may be an exposure of the person that is indecent, but does not indicate a lewd purpose. It may be an exposure that is indecent,

but not public in the sense in which that term is understood in this connection. Judged by this standard, what becomes of the charge upon which this man is convicted? No importance is attached by the appellant to the statement in the record as to the relator's intoxication, and none can be, as it is not a crime to be intoxicated except in a public place. (§ 35, chap. 401, Laws of 1892.)

Eliminating this element from the case — and we have simply the statement that the relator had been guilty and was convicted of " indecent exposure of the person " — that bare statement does not allege any crime known to the law of this State.

The order of the county judge discharging the relator should be affirmed.

Order reversed.