THE PEOPLE OF THE STATE OF NEW YORK ex rel. HENRY LOTZ, Respondent, v. JAMES NORTON, Sheriff of Queens County, Appellant.

*Habeas corpus — cannot be used to review trials before magistrates — sale of intoxicating liquors — what the complaint must contain — Criminal Code, §§ 151 and 164 — substitution of another magistrate — consent will not confer jurisdiction.*

It is irregular to go into proof before a county judge upon the return to a writ of habeas corpus, except to traverse the return.

It is a general rule that a habeas corpus cannot be used to review trials before magistrates. If it appears that the magistrate had jurisdiction of the person and the subject-matter, and the mittimus shows upon its face these two facts, the writ will be dismissed.

It is not an offense against the statute to sell or give away strong or intoxicating liquors, unless it be done in the manner prohibited by statute, and when a person is charged with violating the excise laws of the State by selling or giving

away intoxicating liquors without a license, if the complaint does not specify a mode of sale or gift within such prohibition, it charges no criminal act and furnishes no authority for the issuance of a warrant of arrest by a justice of the peace.

Sections 151 and 164 of the Code of Criminal Procedure contain the only provisions authorizing the substitution of one magistrate for another, and after the organization of the court, the reception of the return to the warrant and the plea of the defendant, full jurisdiction is obtained and no change of magistrate is permissible; if the magistrate who organizes the court is absent or unable to act, there must be an adjournment or the prosecution falls, and the consent of the parties to a substitution of magistrates will not confer jurisdiction.

APPEAL by The People of the State of New York, by the district attorney of Queens county acting on behalf of the sheriff thereof, from an order made by the county judge of Queens county, and entered in the office of the clerk of the county of Queens on the 13th day of July, 1893, discharging Henry Lotz from custody upon the return of a writ of habeas corpus.

*John Fleming, District Attorney,* for the appellant.

*H. A. Montfort,* for the relator, respondent.

DYKMAN, J.:

This is a proceeding under habeas corpus for the discharge of the relator from imprisonment.

The relator was charged before George Wallace, a justice of the peace of the town of Hempstead, in Queens county, with violating the excise laws of the State, "by selling or giving away intoxicating liquors without having a license therefor."

Upon the reception of such complaint Justice Wallace issued a warrant for the arrest of the relator, and he was arrested by virtue thereof and brought before the same justice, where he was arraigned and pleaded not guilty.

The relator demanded a trial by jury, and the case was adjourned several times. The venire for the jury was issued by the same justice, and the final adjournment was until the 28th day of June, 1893, when the parties appeared, Justice Wallace took his seat, impaneled the jury, and administered the oath to the jurors after they were selected. Thereupon, Justice Wallace called upon George W. Smith, another justice of the peace of Queens county, to

take his place, and he did so.   Justice Wallace thereupon retired, and Justice Smith proceeded with the trial.   Such substitution was with the assent of all the parties and their counsel.

The relator was convicted and sentenced to pay a fine of twenty-five dollars, and in default of payment was committed to the county jail.   This proceeding was instituted to procure his discharge from such imprisonment.

. In the first place it is to be noted that the complaint against the relator charges no criminal act.   It is not an offense against the statute to sell or give away strong or spirituous liquors unless it be done in the manner prohibited by statute, and this complaint specifies no mode of sale or gift within such prohibition.

The justice of the peace, therefore, was furnished with no authority for the issuance of a warrant for the arrest of the relator, because he was charged with the commission of no crime.

This case is equally strong in favor of the order of discharge upon the merits.

In each warrant for the arrest of a person upon a criminal charge there is inserted a direction to the executive officer to bring the defendant before the magistrate issuing the warrant, or in case of his absence or inability to act, before the nearest or most accessible magistrate in the same county.   (Code Crim. Proc. § 151.)

But even without such a provision in the warrant the defendant may be taken before the nearest or most accessible magistrate, if the one who issued the warrant be absent or unable to act.   (Code Crim. Proc. § 164.)

These are the only provisions for the substitution of a second magistrate, and after the organization of the court and the reception of the return of the warrant and the plea of the defendant, full jurisdiction is obtained and no change is permissible.

When the defendant is brought before the magistrate he organizes a Court of Special Sessions for the trial, receives the return of the warrant, takes the plea of the defendant, and proceeds with the trial, and there is no authority for the substitution of a second magistrate to hold the court after its organization.

If the magistrate who organizes the court is absent or unable to act, there must be an adjournment or the prosecution falls.

Courts of Special Sessions, like all inferior courts, must act within their jurisdiction.

Neither did the consent of the parties confer jurisdiction. The evil was radical and incurable.

The order should be affirmed.

CULLEN, J., concurred.

PRATT, J.:

It is a general rule that a habeas corpus cannot be used to review trials before magistrates. If it appears that the magistrate had jurisdiction of the person and the subject-matter, and the mittimus shows upon its face those two facts, the writ will be dismissed; but in this case a sort of trial was had before the county judge, from which it appears what the record was before the magistrate, and from that it seems the relator was not charged with any offense.

If the relator had also sued out a writ of certiorari he would be entitled to a discharge, as the record neither shows any charge or conviction of a crime.

We think it was irregular to go into proof before the county judge except to traverse the return; in fact, all the proceedings seem to have been irregular from beginning to end.

However, if all the matters are taken into consideration, I think the county judge did right in discharging the relator.

The order should be affirmed.

Order affirmed.