THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES McLOUGH-LIN, Respondent, *v.* SYLVESTER WILSON, Sheriff of Herkimer County, Appellant.

MARY HALEY, Appellant.

*Habeas corpus — a prisoner held under a final judgment will be remanded.*

Where it appears upon the return to a writ of habeas corpus that a prisoner is detained in custody by virtue of the final judgment or decree of a competent tribunal of civil or criminal jurisdiction, it is the duty of the judge, under section 2032 of the Code of Civil Procedure, to make an order remanding the prisoner to custody.

APPEAL by the defendant, Sylvester Wilson, personally and as sheriff of Herkimer county, and Mary Haley, a party to these proceedings, from an order of the County Court of Herkimer county, entered in the office of the clerk of the county of Herkimer on the 12th day of December, 1894, discharging the relator from the custody of the sheriff of Herkimer county upon the return to a writ of habeas corpus.

On the 28th day of November, 1894, the county judge of Herkimer county granted an order discharging the relator, James McLoughlin, from custody, which order contained the following language: "Ordered, that the said James McLoughlin be and he is forthwith discharged from the custody of the said Sylvester Wilson as such sheriff, and from further imprisonment, under and by virtue of said execution against the person, by which he was held and restrained by said sheriff." The order was filed and entered in the Herkimer county clerk's office December 12, 1894. The relator applied to the county judge on a petition dated November twenty-seventh, and verified on that day. The sheriff made a return to the writ of habeas corpus allowed by the county judge on the petition, in which return the sheriff stated that on the 27th day of November, 1894, and before said writ came to him, James McLoughlin was in his custody and detained by him in the county jail of Herkimer county under and by virtue of a commitment, a copy of which was returned, "Issued by H. C. Brown, Esq., police justice of the village of Little Falls, in said county; that the said James McLoughlin is still in my custody under said commitment." Notice of the issuance of the habeas corpus was given to Mary Haley. Annexed to the return was the execution given by the police justice upon a judgment rendered on the 31st of October, 1894, for the sum of forty dollars damages and one dollar and ninety cents costs. The execution contained the following recital: "And, whereas, this action was brought to recover for damages to house and premises occupied by the defendant, and an order of arrest was granted and duly executed herein and not vacated." The execution then proceeded to state in the usual form that the constable was required to satisfy the same out of the property of the defendant McLoughlin, and then it contained the following clause: "And you are also commanded, if sufficient personal property cannot be found to satisfy the judgment, to arrest

the said James McLoughlin and convey him to jail of the said county, there to remain until he pays the judgment or is discharged according to law, and do you return this execution within sixty days from the date hereof. Dated Nov. 20th, 1894. (Signed) H. C. BROWN, *Police Justice.*" Upon the return of the writ the relator traversed the return by stating, *first,* that said police justice, H. C. Brown, Esq., had no authority and jurisdiction to issue said mandate or said execution against the person of this relator. And, *second,* the said execution issued by the police justice was "upon a judgment on contract and not in tort nor in any manner sounding in tort, nor for a penalty; that the complaint filed with the plaintiff in the action before the said police justice or in his court in which said judgment was rendered, and the evidence given before said police justice neither alleged or established, or tended to establish, any wrong or tort * * * and your relator further alleges that no order of arrest or any other process except a summons was issued or served therein, except the ordinary summons to commence the action." In the complaint filed in the Justice's Court in the suit of Mary Haley against James McLoughlin it was averred : "That on or about the 1st of March, 1891, plaintiff rented her said premises to defendant, and defendant occupied said premises of plaintiff for about three years, and during such occupancy of defendant he damaged the said premises and house of this plaintiff to the amount of $40, of which amount he never paid any part, nor repaired any part of such damage, and is now owing this plaintiff, therefore, the sum of $40.00."

It appears by the minutes taken before the county judge upon the hearing before him that the papers already referred to were presented, " and no other evidence was given," and that, after hearing counsel for the parties, he made the order which is the subject of this appeal.

*C. J. Palmer,* for the appellants.

*J. D. Beckwith,* for the respondent.

HARDIN, P. J. :

Section 2015 of the Code contains a general provision for the allowance of a writ of habeas corpus to be made, " except in one of

the cases specified in the next section." The next section, to wit, section 2016, prescribes expressly as follows: "A person is not entitled to either of the writs specified in the last section in either of the following cases: * * * 2. Where he has been committed or is detained by virtue of the final judgment or decree of a competent tribunal of civil or criminal jurisdiction. * * * " Section 2032 of the Code provides as follows: "The court or judge must forthwith make a final order to remand the prisoner, if it appears that he is detained in custody for either of the following causes, and that the time for which he may legally be so detained has not expired. * * * 2. By virtue of the final judgment or decree of a competent tribunal of civil or criminal jurisdiction. * * * " Chapter 602 of the Laws of 1886 conferred upon the police justice of Little Falls "All the jurisdiction, power and authority * * * in all respects as are or may by law be vested in or required from justices of the peace of the town of Little Falls." In *People ex rel. Danziger* v. *P. E. House of Mercy* (128 N. Y. 185) RUGER, Ch. J., says: "The Code of Civil Procedure provides that when it appears among other things that the prisoner is detained in custody 'by virtue of the final judgment or decree of a competent tribunal of civil or criminal jurisdiction,' and the time for which he is required to be retained has not expired, the court must remand him. (§ 2032.) Section 2034 of the same Code enacts that the court or judge is prohibited in such case, on a return to the writ, from inquiring into the legality of any mandate, judgment, decree or final order." In a later part of the opinion the learned chief judge says: "We are of the opinion that the order of the judge was erroneous, and that it having been established by the conceded facts that the prisoner was held under the final judgment of a competent tribunal of criminal jurisdiction under the express provisions of the Code, she should have been remanded." Nothing appeared before the county judge to indicate that Brown, the police justice, did not have jurisdiction of the parties, and especially of the defendant, in the suit before him, nor did anything appear to indicate that the police justice did not have jurisdiction of the subject-matter.

In section 2894 of the Code authority is given to a justice to grant an order for the arrest of the defendant. In the second subdivision of section 2895 of the Code it is provided that an order of arrest shall

not be granted except where the action is brought to "recover damages for a personal injury of which a justice of the peace has jurisdiction; an injury to property, including the wrongful taking, detention or conversion of personal property."

In *People ex rel. Lotz* v. *Norton* (76 Hun, 7) it was said to be irregular to go into proof before a county judge upon the return to a writ of habeas corpus except to traverse the return, and that "it is a general rule that a habeas corpus cannot be used to review trials before magistrates. If it appears that the magistrate had jurisdiction of the person and the subject-matter, and the mittimus shows upon its face those two facts, the writ will be dismissed."

In *Matter of Donohue* (1 Abb. N. C. 10) it was said: "It is safe and better, when a judgment has been rendered, which an express statute authorizes, to leave its review to the regular and more deliberate process of the higher courts than to make of every court and officer authorized to issue this writ a tribunal summarily to decide such grave and momentous questions. (*People ex rel. Phelps* v. *Fancher*, 2 Hun, 226.)"

We are inclined to the opinion that it was the duty of the county judge, by virtue of section 2032 of the Code of Civil Procedure, to make an order remanding the prisoner, as it appeared that he was detained in custody "by virtue of the final judgment or decree of a competent tribunal of civil or criminal jurisdiction," and that it is not necessary upon this appeal to consider the questions urged by the learned counsel for the respondent as to the nature and character of the complaint filed in the Justice's Court. In respect to that, however, it may be suggested that great liberality is allowed in Justices' Courts, and that the cases cited by him (*Goodwin* v. *Griffis*, 88 N. Y. 629; *Wood* v. *Henry*, 40 id. 124; *Austin* v. *Rawdon*, 44 id. 63) differ from the case in hand.

The foregoing views lead to the conclusion that an order should be made in this case similar to the one pronounced in *People ex rel. Danziger* v. *House of Mercy* (*supra*).

The order should be reversed and the defendant remanded to the custody of the sheriff of Herkimer county.

MARTIN, J.:

I am of the opinion that the action was for injury to property, and an execution against the person was authorized. I, therefore, concur in the result.

MERWIN, J.:

I think it was a case for a body execution and that the order should be reversed.

Order reversed and the defendant remanded to the custody of the sheriff of Herkimer county.