(57 App. Div. 454.)

### PEOPLE v. McLAUGHLIN.

(Supreme Court, Appellate Division, Fourth Department. January 29, 1901.)

1. COURTS OF SPECIAL SESSIONS—JURISDICTION—ARREST—WARRANT.

Since Code Cr. Proc. § 56, limits the jurisdiction of courts of special sessions to trials for misdemeanors within their own counties, the jurisdiction, being limited, must appear affirmatively; and a conviction before such court in a certain county for misdemeanor will not be sustained where the record did not show that the offense was within the county, but was committed on a boat on a certain lake, a portion of which was in the county, as the court will not take judicial notice that the lake was so situated, and confer jurisdiction by inference.

2. SAME.

Code Cr. Proc. § 151, provides that a warrant for an offense of which a court of special sessions has jurisdiction, and which was committed in some other town, must direct the offender to be brought before a magistrate of such other town. Defendant was arrested for an offense committed in another town, but on a warrant directing him to be brought before the magistrate who issued it, and on arraignment objected to the jurisdiction of the court. *Held,* that the magistrate had no authority to then direct that defendant be taken before the magistrate in the town where the offense was committed.

Appeal from Cayuga county court.

John C. McLaughlin was convicted of a misdemeanor, and he appeals. Reversed.

Argued before ADAMS, P. J., and SPRING, WILLIAMS, and LAUGHLIN, JJ.

M. F. Dillon, for appellant.

Harry T. Dayton, Dist. Atty., for the People.

ADAMS, P. J. The defendant on the 12th day of July, 1899, was convicted of a violation of subdivision 15 of section 640 of the Penal Code, which reads as follows, viz.:

"* * * cuts, spoils or destroys any cordage, cable, buoys, buoy-rope, head-fast or other fast fixed to the anchor or moorings belonging to any vessel, or who shall, with intent to injure, tamper in any way with the lines or cables by which any vessel is moored or made fast, or who shall, with intent to injure, tamper in any manner with the steering-gear, bell-gear, engines, machinery, lights or any other equipments of any vessel, shall be deemed guilty of a misdemeanor."

Such conviction was had after a trial before a jury in a court of special sessions held in the town of Cato, in the county of Cayuga, and a fine of $10 was subsequently imposed. Without determining whether, under the evidence in this case, the jury was justified in finding the defendant guilty of a technical violation of this section,—as to which we entertain serious doubt,—we are of the opinion that, for reasons which follow, the judgment of conviction cannot stand.

It is a familiar rule of criminal jurisprudence that the jurisdiction of a court of special sessions is limited, that it has no power or authority except such as is expressly conferred upon it by statute, that its jurisdiction must appear affirmatively, and that no presumption will be indulged in to support the same. In re Travis, 55 How. Prac. 347; People v. Mallon, 39 How. Prac. 454. By provisions of section 56

of the Code of Criminal Procedure the jurisdiction of courts of special sessions, except in the city and county of New York and the city of Albany, is limited to the hearing and determining of charges of misdemeanors committed within their respective counties. After a careful examination of the record in this case, we are unable to find any evidence which satisfactorily establishes the fact that the misdemeanor of which the defendant was convicted was committed within the county of Cayuga. Mr. C. M. Adams, a witness on behalf of the prosecution, testified that he owned an interest in a boat on the west shore of Cross Lake; and John Goodman, another witness, testified that he resided in the town of Cato, and that he owned a farm on the west shore of Cross Lake, through which there is a lane leading to the lake. This is absolutely all the evidence we are able to discover which locates the commission of the offense; and while we might, perhaps, take judicial notice of the fact that Cross Lake is partly within the county of Cayuga, and that there is also a town by the name of Cato within that county, and thus, by implication, reach the conclusion that that was the county in which the offense was committed, we are disinclined, in view of the apparent lack of criminal intent upon the part of the defendant, to indulge in presumptions and inferences in order to confer jurisdiction upon the trial court.

But the record before us presents a much more serious question, and one which we think must also be determined in the defendant's favor. The information in this case was lodged before a magistrate of the town of Brutus, in the county of Cayuga, although it is alleged that the offense with which the defendant was charged was committed in the town of Cato; and a warrant was issued by such magistrate, which was made returnable before him. Under this warrant the defendant was brought before the magistrate who issued it, where he was arraigned; and after pleading not guilty he demanded a jury trial, and objected to the jurisdiction of the court. The court thereupon, and after due deliberation, directed a constable to take the defendant before a justice of the peace of the town of Cato. This was done, and notwithstanding the objection of the defendant a trial was had before the last-named magistrate, with the result hereinbefore indicated. We are unable to find any authority for this procedure. By the provisions of section 151 of the Code of Criminal Procedure—

"The warrant must direct that the defendant be brought before the magistrate issuing the warrant, or if the offense was committed in another town, and is one which a court of special sessions has jurisdiction to try, or which a magistrate has jurisdiction to hear and determine, he must direct that the defendant be brought before a magistrate of the town in which the offense was committed."

And section 164 provides that:

"When, by the preceding sections of this chapter, the defendant is required to be taken before the magistrate who issued the warrant, or before a magistrate of the town in which the offense was committed, he may, if that magistrate be absent or unable to act, be taken before the nearest or most accessible magistrate in that town in which the magistrate before whom the warrant is returnable resides, if there be such a magistrate accessible and qualified to act, and otherwise before the nearest or most accessible magistrate in the same county."

These are the only statutory provisions, so far as we are aware, for the substitution of a second magistrate under conditions such as here exist, and we are of the opinion that the case is not brought within the express terms of either of them. On the contrary, it appears affirmatively that the information charged that the offense was committed within the town of Cato; and, this being the case, the magistrate before whom the information was lodged should have directed that the defendant be brought before a magistrate of that town. Instead of doing this, however, he made the warrant returnable before himself, and upon its return proceeded to organize a court of special sessions, and to take all necessary steps to obtain full jurisdiction, before ordering the defendant to be taken before a magistrate of the town of Cato. Under these circumstances no change was authorized, and consequently the magistrate before whom the trial was had failed to acquire jurisdiction of the case. People v. Norton, 76 Hun, 7, 27 N. Y. Supp. 851. For these reasons, we think the judgment of the county court and of the court of special sessions should be reversed, and the defendant discharged from arrest.

Judgment of county court and of court of special sessions reversed, and the defendant discharged from arrest.

SPRING and WILLIAMS, JJ., concur. LAUGHLIN, J., concurs in result upon ground last stated, but is of opinion that the evidence is insufficient to warrant conviction.