THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* MAY BROWN, Defendant.

(County Court, Kings County, September, 1912.)

City Magistrate's Court — judgment of conviction — appeal.

> A judgment of conviction in a City Magistrate's Court is not illegal though the magistrate before whom the trial was had was not the one who presided at the time the deposition was signed, the defendant arraigned and his plea entered.

APPEAL by defendant from a judgment of conviction rendered in a City Magistrate's Court.

James C. Cropsey, district attorney for people.

Charles E. Russell, for defendant.

DIKE, J.     The defendant, who was convicted of disorderly conduct on September 13, 1912, in a City Magistrate's Court in this county, asks that the judgment of conviction be reviewed by the County Court. The procedure for appeals from the Magistrates' Courts to the County Court is contained in sections 749–755 of the Code of Criminal Procedure. The attorney for the defendant submits an affidavit wherein he sets forth that it is the intention of the defendant to appeal from the judgment of conviction upon the ground that the conviction was illegal, stating three reasons for such illegal conviction. The appeal should be disallowed unless there was a jurisdictional defect in the proceedings before the magistrate, as set forth in the third point by counsel for the defendant. It is contended that the Magistrate's Court being a court not of record lost jurisdiction to try the defendant, or to convict her of any crime, for the reason that at the time of the arraignment and at the time the deposition was signed the court was fully constituted, and that the

magistrate presiding therein was not the magistrate who afterward presided at the trial at which the defendant was convicted and thereafter duly sentenced. In every criminal case there must be a plea, either to the indictment or to the charge, entered either by or for the accused — in the case of a felony the defendant being present — since without a plea there is no issue, and without an issue there can be no valid trial, there being nothing to try. But in my judgment there is no such continuity of action, if I might so phrase it, as to necessitate the magistrate who records the plea of a defendant being of necessity the one who shall try the defendant. In the mass of business in a great city like New York this would lead to endless complications. The death of a magistrate before whom a plea was taken, or his removal from office or other incapacity to act, would be the reason advanced for setting at liberty the defendant, under counsel's argument. The case of People ex rel. Lotz v. Norton, 76 Hun, 7, is not in point. In that case the relator demanded a trial by jury, and the situation there was entirely different from the one under examination; but, if there existed any objection to the chief magistrate hearing the testimony in this case, I am of the opinion that the same was waived by the defendant's failure to raise any objection to such action by the magistrate through her attorney who represented her at the trial. People, etc. v. Tower, 17 N. Y. Supp. 395. After carefully considering all the points I am of the opinion that the application for an allowance of the appeal herein must be denied.

Application denied.