THE PEOPLE OF THE STATE OF NEW YORK ex rel. THEODORE HILLMAN, Relator, *v.* HENRY HULL, as Sheriff of the County of Orange, Respondent.

Supreme Court, Orange County, January 17, 1928.

Crimes — double jeopardy — habeas corpus proceeding to release relator arrested pursuant to warrant reciting indictment charging crime of " bringing stolen goods into the State, Grand Larceny, 1st Degree "— relator was prosecuted in Orange county for robbery in first degree under indictment containing three additional counts relating to same transaction — relator was found guilty of robbery in first degree only, but conviction was subsequently reversed by Court of Appeals on ground court had no jurisdiction — since judgment as to conviction of robbery charge was invalid, acquittal of relator as to crime of grand larceny was invalid also for lack of jurisdiction — relator not entitled to release on ground of double jeopardy.

In this habeas corpus proceeding to release the relator, who was arrested pursuant to a warrant reciting an indictment charging him with the crime of " bringing stolen goods into the State, Grand Larceny, 1st Degree," committed in Orange county, it appears that he was formerly prosecuted in the same county for robbery in the first degree under an indictment containing three additional counts, relating to the same transaction as the robbery count and that he was convicted of robbery in the first degree only, which conviction was subsequently reversed by the Court of Appeals on the ground that since the crime charged in the indictment was committed within the West Point Military Reservation, the County Court of Orange county had no jurisdiction.

Since the judgment of conviction as to the robbery charge was invalid because of lack of jurisdiction of the court rendering it, the acquittal of relator of the crime of grand larceny was invalid for the same reason, and consequently the relator is not entitled to be released on the ground of double jeopardy, for that presupposes jurisdiction in the court trying the issues raised by the former indictment and the defendant's plea thereto.

Of course, if it shall appear upon the trial as to any count of the indictment that the transactions of the defendant therein alleged as constituting a criminal offense, occurred within the boundaries of the Military Reservation, the trial judge will give proper effect to the determination of the Court of Appeals.

HABEAS CORPUS proceeding.

*Henry Hirschberg,* for the relator.

*Elmer H. Lennon, District Attorney,* for the respondent.

GEORGE H. TAYLOR, JR., J. The relator is deprived of his liberty by the sheriff of Orange county, by virtue of a warrant in due form, which recites an indictment charging the relator with

the crime of " bringing stolen goods into the State, Grand Larceny, 1st Degree," committed in said county. The return shows that the relator is detained by virtue of said warrant. In the traverse it is alleged *inter alia,* that the warrant is void and illegal in violation of rights guaranteed the relator by the Fifth Amendment to the Federal Constitution, by section 6 of article 1 of the State Constitution, and by section 1938 of the Penal Law, " in that the relator has been formerly acquitted of all the charges in said indictment contained and in that, said indictment, warrant and custody place the relator in double jeopardy * * *." Undoubtedly, habeas corpus is the relator's proper remedy. (*People ex rel. Stabile* v. *Warden, etc.,* 139 App. Div. 488; affd., 202 N. Y. 138; *People ex rel. Bullock* v. *Hayes, infra.*) The indictment recited in the warrant is against the relator and one Stencil, and was returned by the grand jury of Orange county on December 8, 1927. Proofs were submitted to me (a) showing all proceedings had in a former prosecution of the relator and said Stencil, to which proceedings extended reference is made in the pertinent opinion of the Court of Appeals rendered in the course of that prosecution (*People* v. *Hillman,* 246 N. Y. 467), and (b) showing the present indictment; although the minutes of the grand jury were not in proof before me. The said indictment in its first count in effect charges the defendants with grand larceny in the first degree — bringing into Orange county a certain automobile the property of Cantline & Hazlett, Inc., of the value of $1,525, the defendants having theretofore stolen the same " without the State; " the same crime is charged in a second count, which refers to the same automobile, " with force and arms; " in the third count the defendants are charged with the same crime, consisting in the unlawful operation of the same automobile, without the owner's consent. Each of the several counts relates to an alleged crime committed within the said county. Heretofore the relator and Stencil were prosecuted for robbery in the first degree under an indictment containing three additional counts clearly relating to the same transaction as the robbery count, namely, grand larceny in the first degree. The relator and Stencil upon said indictment were convicted of robbery in the first degree only in the County Court of Orange county. The county judge upon the trial dismissed the fourth count. The verdict and judgment in that case contained no express acquittal of the defendants therein upon any count. They were found guilty of robbery in the first degree, only. Later said conviction was affirmed by the Appellate Division, Second Department (219 App. Div. 792), but was reversed by the Court of Appeals (*People* v. *Hillman,*

*supra*), upon the sole ground that upon the undisputed proofs before the county judge the County Court lacked jurisdiction to try the defendants for the said offenses committed within the confines of the United States Military Reservation at West Point, the crime charged, therefore, being cognizable solely by the Federal authorities. (See opinion of LEHMAN, J., in *People* v. *Hillman, supra.*) The record of proceedings upon the trial therein demonstrates that the relator's learned counsel then insisted — as he does not now urge to the same extent — that the alleged crime of robbery in the first degree, of which the defendants were there convicted, as well as other crimes charged in the indictment, were committed within the boundaries of the Military Reservation, and that the County Court, therefore, had no jurisdiction to try the indictment. The Court of Appeals sustained his said contention. Now he suggests that the relator was acquitted effectually and by valid judgment of a court having jurisdiction, of the crime of grand larceny in the first degree alleged in one count in the previous indictment — that is to say, acquitted thereof by a court which, according to his previous contention, was wholly without jurisdiction, and acquitted thereof because of the alleged implication of acquittal said to be contained in the (invalid) conviction of robbery in the first degree. (*People* v. *Dowling*, 84 N. Y. 478; *People* v. *Seeley*, 37 Hun, 190, 194; affd., 101 N. Y. 642; *People* v. *Atwater*, 229 id. 303, 306.) On its face and in substance, his present contention, however learnedly and ingeniously urged, is clearly unsound. If the County Court's judgment of conviction was void for any purpose, it was void for all purposes. Manifestly it could not operate as a valid acquittal of any crime suggested in the indictment. The judgment of conviction cannot be at once invalid because of lack of jurisdiction of the court rendering it, and valid as an acquittal of the defendants therein named of the crime of grand larceny in the first degree charged in the second count of the robbery indictment. There is no legal double jeopardy under such circumstances. Former jeopardy presupposes jurisdiction in the court trying the issues raised by the former indictment and the defendant's plea thereto (*People ex rel. Bullock* v. *Hayes*, 166 App. Div. 507; affd., 215 N. Y. 172) because of such lack of jurisdiction as so determined by the highest authority. (*People* v. *Hillman, supra.*) I decide (a) that the relator was not acquitted, as claimed, of all or any of the charges contained in the present indictment; (b) that the former prosecution upon the undisputed facts does not legally constitute a former jeopardy of the relator; and (c) that as far as now appears the State courts have the right to try the relator upon the present indictment. Of course, if it

shall appear upon the trial as to any count of the indictment that the transactions of the defendants therein alleged as constituting a criminal offense, occurred within the boundaries of the Military Reservation, the trial judge will give proper effect to the determination of the Court of Appeals.

The writ of habeas corpus is dismissed and the relator remanded to the present custody. Submit order.