THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CLAYTON FREER, Appellant.

County Court, Chenango County, June 15, 1939.

*Frank W. Barnes,* for the appellant.

*Lester R. Mosher, District Attorney,* for the respondent.

BROWN, J. The defendant has been convicted in a Court of Special Sessions of the town of Greene of violation of section 1433 of the Penal Law, following a plea of guilty. The affidavit presented on the application for an allowance of appeal alleges as an error in the procedure in the Court of Special Sessions " that under the information the Justice Court of the town of Greene did not have jurisdiction to impose a sentence upon his plea of guilty." While it is not directly alleged in the affidavit that the information on which the warrant was issued was insufficient in that it failed to state facts constituting the crime attempted to be alleged, the fair inference to be drawn from the statement that the court " did not have jurisdiction to impose a sentence " is that the appellant intended to raise the question of the sufficiency of the information as a basis for the judgment of conviction. The further allegation in the affidavit which is not considered on the appeal is answered by the return of the justice filed in the appeal. This court is bound by the justice's return. (*People* v. *Newman,* 137 Misc. 267; *People* v. *Decker,* 156 id. 156.)

The information on which the warrant of arrest was issued designated the crime alleged to have been committed as follows: " did commit the crime of violation of Sec 1433 of the Penal Law against the person or property of Bertha McIntosh by wrongfully, unlawfully, willfully, maliciously and knowingly allow the milk of complainant to spoil and waste by failing to deliver it to the cheese factory, thereby causing a severe loss to Bertha McIntosh. He also removed the planking from the cow stable after being forbidden by Mrs. McIntosh to do so." In the warrant issued on the information the crime alleged as having been committed is referred to as " malicious mischief, Sec 1433 of the Penal Law." Section 1433 of the Penal Law, in so far as applicable here, reads: " A person who unlawfully and willfully destroys or injures any real or personal property of another, * * * in a case where the punishment is not specially prescribed by statute, is punishable as follows: 1. If the value of the property destroyed, or the diminution in the value of the property by the injury is more than two hundred and fifty dollars, by imprisonment for not more than four years. 2. In any other case, by imprisonment for not more than six months, or by a fine of not more than two hundred and fifty dollars, or by both such fine and imprisonment."

The acts constituting the offense mentioned in said section when committed may be a felony or a misdemeanor, depending on the value of the property destroyed or the diminution in the value of the property by reason of the injury. The information filed is silent as to the value of the property alleged to have been destroyed and as to the diminution in the value of any property injured, nor does the statement therein to the effect that the complainant sustained a " severe loss " give any indication as to whether the Court of Special Sessions had jurisdiction to hear, try and pass judgment in the case. If the value of the property destroyed and the diminution in the value of the property by reason of injury exceeded the sum of two hundred and fifty dollars, the Court of Special Sessions was without jurisdiction to try and pass judgment. The authority of that court to render judgment of conviction following a trial or a plea of guilty is confined to those cases in which jurisdiction has been expressly conferred by statute. Jurisdiction will not be presumed. In all cases, jurisdiction of a Court of Special Sessions must affirmatively appear and, in support thereof, no presumptions will be indulged. (*People* v. *McLaughlin*, 57 App. Div. 454.)

I conclude that the omission in the information of an allegation showing the value of the property alleged to have been destroyed or the diminution in the value of the property alleged to have been

injured to be two hundred and fifty dollars or less was more than a mere irregularity and that the information in this case was insufficient to confer jurisdiction. (*McKelvey* v. *Marsh*, 63 App. Div. 396; *Shappee* v. *Curtis*, 142 id. 155.)

Defendant's plea of guilty did not preclude him from raising the question of the jurisdiction of the court to render judgment against him. (*People* v. *Williams*, 135 Misc. 564; *People* v. *Knapp*, 152 id. 368; *People* v. *Lindner*, 133 id. 728.)

Judgment of conviction reversed.