THE PEOPLE OF THE STATE OF NEW YORK ex rel. HOWARD J. ROOT, Relator, against ROBERT G. WASMER, as Sheriff of the County of Onondaga, et al., Defendants.

Supreme Court, Special Term, Onondaga County, April 9, 1951.

*Charles J. Engel* for relator.

*Jesse E. Cantor, District Attorney (Warren B. Murphy* of counsel), for defendants.

SEARL, J.  This is the return of a writ of habeas corpus.  The question involved is as to whether a Justice of the Peace of the Town of Salina, Onondaga County, New York, who tried and sentenced defendant to serve a term of sixty days in Onondaga County Penitentiary lacked jurisdiction.

Defendant Howard J. Root was brought before Justice FRED J. ROOT, similarity of name being coincidental only, on February 4, 1951, on a warrant issued by this Justice the day previous charging defendant with assault in the third degree. Bail was set and an adjournment granted until February 13, when a panel of jurors was drawn and time of trial set for February 23, at Liverpool, New York.

On the trial date Justice ROOT appeared, as did also Justice WHITNEY, another Justice of the town, who was a practicing attorney. Defendant claims that Justice WHITNEY stated that Justice ROOT was inexperienced and inquired if anyone objected to Justice WHITNEY sitting beside Justice ROOT and advising as to proper conduct of the trial and as to the applicable rules of evidence; that this arrangement was acquiesced in by all parties. The version of the District Attorney is somewhat different. The return, made by Justice WHITNEY, is to effect that defense counsel stated he had no objection, " and he would be glad to have me conduct the trial."

For the decision of this application it matters not which contention is correct.

In any event Justice WHITNEY did conduct the trial and apparently Justice ROOT sat in some other part of the court room. The jury was charged by Justice WHITNEY. The jury found the defendant guilty. Justice WHITNEY imposed a fine and sentenced defendant to serve sixty days in the Onondaga County Penitentiary.

In England, since before the discovery of America, the office of Justice of the Peace has continued. (*People ex rel. Burby* v. *Howland,* 155 N. Y. 270, 276.) From our early history this office has existed in this and other States, first with criminal jurisdiction and later with both criminal and civil. Such jurisdiction and only such as the Legislature might grant is conferred upon the incumbents of this office. Section 18 of article VI of the State Constitution provides : " Courts of special sessions * * * shall have such jurisdiction of offenses of the grade of misdemeanors as may be prescribed by law ".

When a defendant is brought before a Justice on a warrant issued by him the court is established. Such court continues, with adjournments as authorized by law, until the defendant is either convicted and sentenced or discharged. Section 151 of the Code of Criminal Procedure provides : " The warrant must direct that the defendant be brought before the magistrate issuing the warrant ", except in certain instances therein set

forth. One of the exceptions is also set forth in section 164 of the Code of Criminal Procedure, namely when the magistrate issuing the warrant is absent or unable to act. Another exception is found in section 702-a of the Code of Criminal Procedure, namely " if, pending final disposition of the case, the magistrate shall die or be unable to preside at such trial or conduct any further proceedings in the cause by reason of his mental or physical incapacity, or be disqualified to act ".

Both counsel concede none of these exceptions apply in the instant case.

The District Attorney apparently bases his objection to granting the relief asked for upon the theory, first, that defendant and his counsel consented to the cause being tried by Justice WHITNEY, and thereby waived any jurisdictional defect, or, second, that the substantial rights of defendant have not been affected and no error prejudicial to defendant has been made.

The first objection is met by the terse language of the court in *People ex rel. Lotz* v. *Norton* (76 Hun 7, 10) referred to later in more detail, to effect: " Neither did the consent of the parties confer jurisdiction."

As to the second reason urged by the District Attorney, we find the language of the court in *Jones & Crawford* v. *Reed* (1 John. Cas. 20), approved in *People* v. *Harber* (100 App. Div. 317, 323), to the effect: " The sound rule of construction, in respect to the courts of justices of the peace, is to be liberal in reviewing their proceedings, as far as respects regularity and form, and strict in holding them to the exact limits of jurisdiction, prescribed to them, by the statute."

A decisive authority, so far as similarity of facts is concerned, is *People ex rel. Lotz* v. *Norton* (*supra*). There a warrant for the arrest of relator was issued by one Justice before whom relator was thereafter arraigned. The Justice, upon a plea of not guilty, issued the venire for a jury and the case was adjourned. At the trial the same Justice subsequently administered the oath to the jurors. Then a second Justice was called in, " with the assent of all the parties and their counsel." The second Justice proceeded with the trial, and, after a verdict of guilty, sentenced the relator. Upon return of the writ the County Judge discharged relator. Upon appeal to the Second Department the court held that after the organization of the court by the first Justice of the Peace, the return of the warrant and the plea of the defendant, full jurisdiction was obtained and no change was permissible; that there was no authority

for the substitution of a second magistrate except in event of absence or inability of the original magistrate, in which event an adjournment only was permissible. "The evil was radical and incurable." (P. 10.) (This case is cited with approval in *People* v. *Harber, supra*.)

To the same effect, see *People* v. *McPherson* (74 Hun 336), and *People* v. *McLaughlin* (57 App. Div. 454).

A second and perhaps an equally important question is posed as to whether, if the defendant is again apprehended for the same offense, he would then be twice in jeopardy.

Section 6 of article I — Bill of Rights — of the State Constitution provides: "No persons shall be subject to be twice put in jeopardy for the same offense".

*People* v. *Smith* (266 App. Div. 57, 61–62) holds that a person is not put in second jeopardy "unless his prior acquittal or conviction was before a court having jurisdiction to try him for the offense."

Many comparable instances are found. A contention of double jeopardy was overruled where a Court of Special Sessions, having no jurisdiction, convicted defendant of a felony where the question was urged in a subsequent action in County Court. (*People ex rel. Hosmer* v. *Jackson,* 276 App. Div. 1037.) Again, where proof disclosed the attempted crime took place in a United States Military Reservation (*People ex rel. Hillman* v. *Hull,* 131 Misc. 253). Again, where it appeared that the trial was a nullity because of the fact that one of the Judges presiding was related to the defendant (*People* v. *Connor,* 142 N. Y. 130); also, where the court lost jurisdiction by continuing a trial on Sunday (*People ex rel. Meyer* v. *Warden,* 269 N. Y. 426).

Bishop on Criminal Law (9th ed., Vol. 1, § 1028) sets forth that "If the court has no jurisdiction of the offense, * * * or the presiding judge is disqualified * * * the defendant is not in jeopardy, however far the court proceeds. In most or all of these circumstances, the final judgment is not voidable * * * but void; so that his unreversed conviction is no more a bar to another prosecution than his acquittal."

To substantially the same effect, see Corpus Juris Secundum (Vol. 22, Criminal Law, § 244).

In the instant case the proceedings were apparently regular up to the time that Justice WHITNEY took over the trial. From that moment the court lost jurisdiction of the case, and the proceedings from then on were void.

The defendant is released from custody growing out of the sentence imposed by Justice WHITNEY.

Whether or not the prosecuting attorney desires to again initiate action lies in his discretion. Double jeopardy, however, cannot here be successfully urged by the defendant. Truly, it is only as though the case had never been tried.