Fred J. Munder, J.
The defendant was convicted of driving while intoxicated, after a jury trial in the Court of Special Sessions of the Village of Brightwaters, and he now appeals. He claims three errors: 1. that although he was arraigned before Acting Police Justice William H. Westerbeke, his trial was presided over by Donald L. Hastings, Police Justice of the village; 2. that he was prejudiced on the trial by the admission of testimony that he had committed other traffic violations in connection with the present offense which were not stated in the information; and 3. that the People failed to prove that the chemical test was given pursuant to the rules and regulations established by the State police.
On the first ground it is contended that Justice Hastings was without jurisdiction because the Acting Police Justice acquired exclusive jurisdiction by presiding at the arraignment when the defendant entered a ‘ ‘ not guilty ’ ’ plea and demanded a jury trial. This claim is based on the theory that a Court of Special Sessions is a noncontinuing court that exists solely for the trial of each particular case (People v. Kraft, 229 App. Div. 281) and that such a court is established when the defendant is brought before the justice. (People ex rel. Root v. Wasmer, 201 Misc. 71; People v. McLaughlin, 57 App. Div. 454.)
This certainly is the rule affecting Justices of the Peace, whose authority to act in any case is not conditional or dependent upon the disability or disqualification of another justice. But there has always been recognized a distinction between Courts of Special Sessions held by Village Police Justices and those held by Justices of the Peace. (People v. Kraft, supra.) Not only do they have greater criminal jurisdiction by legislative fiat, but the policy or purpose of the Legislature to conform such courts to Courts of Special Sessions in the cities of the State was recognized by Judge Crane in People v. Monahan (257 N. Y. 388) in which case the similarity as to jurisdiction was remarked.
*228 Also distinguishing the office of Village Police Justice from that of Justice of the Peace is the fact that only one Police Justice is authorized to be appointed in any village (Village Law, § 43). His replacement, in the event of his absence or inability to act is an Acting Police Justice who at such time has all the powers of a Police Justice within the village (Village Law, §§ 180, 187). There are no “ acting ” Justices of the Peace. Each Justice of the Peace is invested with full and independent power at all times. When a Justice of the Peace, having as a magistrate received a complaint and issued a warrant of arrest (Code Crim. Pro., §§ 145, 150) for a crime over which he as a Court of Special Sessions has jurisdiction (Code Crim. Pro., § 56), assumes jurisdiction over the person of the defendant, the court is established and he may not be ousted except by resort to section 702-a of the Code of Criminal Procedure. (People ex rel. Root v. Wasmer, supra). The transmutation from magistrate to Court of Special Sessions occurs upon the arraignment (People ex rel. Lotz v. Norton, 76 Hun 7; People v. McLaughlin, supra).
An Acting Police. Justice in a village, who in the absence or temporary disability of the Police Justice arraigns a defendant, acts as the alter ego of the Police Justice and his power to act ceases on the return or removal of the disability of the Police Justice. He is then automatically disqualified. But the Court of Special Sessions, having convened with the Acting Police Justice presiding is properly continued before the Police Justice for the trial without a County Court order under § 702-a of the Code of Criminal Procedure. This for the reason that the Legislature has by the Village Law provided an alternative method for the substitution of judges in the village courts just as it did for the City Court of the City of Grlen Cove by its charter. (People v. Davis, 303 N. Y. 235).
It should here be noted that such automatic disqualification would not result after a trial has been properly opened before the Acting Police Justice. In that event the general rule would prevail that ‘‘ When the trial of a case is once commenced, it must proceed to the end before the same court and jury.” (People v. McPherson, 74 Hun 336.)
I agree with the decision of Mr. Justice Hill denying this defendant’s application under article 78 of the Civil Practice Act, for a review of the determination of the Commissioner of Motor Vehicles revoking his operator’s license because of the conviction now being considered on appeal (Matter of Voegler v. Kelly, 155 N. Y. S. 2d 861).
*229 As to the second ground of error, the reasoning of defense counsel, that the police officer’s failure to charge the defendant with the additional violations in the information before testifying thereto was prejudicial to the defendant’s rights, is difficult to follow — particularly as this testimony was educed upon counsel’s own cross-examination of the arresting officer. The decisions upon which counsel relies to support his contention (People v. Rosen, 74 N. Y. S. 2d 624; People v. Santoro, 63 N. Y. S. 2d 615) are based on the premise that it is the duty of the prosecutor not to withhold evidence that may tend to show the defendant did not commit the crime.
The third argument of error is without merit. There was sufficient evidence introduced to show that the chemical test was administered in accordance with the statutory provisions (Vehicle and Traffic Law, § 71-a). Furthermore there was ample testimony as to the conduct of the defendant both before and after arrest to substantiate the charge.
The defendant was convicted on the verdict of a jury, and it is not now within the province of this court to pass upon the credibility of the witnesses as suggested in appellant’s brief.
The judgment of conviction is affirmed.