Maurice W. McCanh, Acting County Judge.
The defendant herein appeals from a judgment of conviction rendered on June 11,1957 by Hon. George P. Smith after trial by jury on a charge of driving while intoxicated.
The defendant’s first point on this appeal is the claim that the court which tried and sentenced this defendant did not have jurisdiction; therefore, its judgment was void. It seems that the defendant was arrested by the State police on March 23, 1957 in Chili, New York, and arraigned before Justice of the Peace Jerome F. Davies in Wheatland, New York. After a number of adjournments the defendant was tried by a jury before Peace Justice Smith, and found guilty. He has served part of his 10-day sentence, paid the $100 fine, and his license has been suspended by the Commissioner of Motor Vehicles as required by section 71 of the Vehicle and Traffic Law. It is the defendant’s contention that once a Justice’s Court is organized by the arraignment of a defendant in court, that particular Justice’s Court has jurisdiction to the exclusion of all other Justices’ Courts. In support thereof counsel cites the case of People ex rel. Root v. Wasmer (201 Misc. 71, 72-73), and People ex rel. Lotz v. Norton (76 Hun 7).
The facts in the case at bar and the Root case are very similar, in that the Justice of the Peace who arraigned the defendant Boot did not preside at his trial. The Norton case was also based on facts similar to both the Root case and the case under consideration. “ When a defendant is brought before a Justice on a warrant issued by him the court is established. Such court continues, with adjournments as authorized by law, until the defendant is either convicted and sentenced or discharged. Section 151 of the Code of Criminal Procedure, provides: ‘ The warrant must direct that the defendant be brought before the *960 magistrate issuing the warrant ’, except in certain instances therein set forth. One of the exceptions is also set forth in section 164 of the Code of Criminal Procedure, namely when the magistrate issuing the warrant is absent or unable to act. Another exception is found in section 702-a of the Code of Criminal Procedure, namely ‘ if, pending final disposition of the case, the magistrate shall die or be unable to preside at such trial or conduct any further proceedings in the cause by reason of his mental or physical incapacity, or be disqualified to act ’ ”. It is not claimed that any of these exceptions apply in the instant case.
In this case the proceedings were apparently regular up to the time that Peace Justice Smith took over and proceeded with the trial. From that moment the court lost jurisdiction of the case, and the proceedings from then on were void; and, being void, it is as though the case had never been tried.
The sentence of the defendant is set aside and the fine is remitted.
Submit order in accordance with this decision.