William E. J. Connor, J.
The defendant-appellant was arrested in the Town of Claverack upon the charge of disorderly conduct, the alleged offense having purportedly taken place in the presence of the arresting officer. Shortly thereafter he was arraigned before a Justice of the Peace of the Town of Green-port, one Judge John Lugert, who was apparently the nearest and the most accessible Magistrate. He was that evening committed to the Columbia County Jail in lieu of posting bail in the sum of $100, which was fixed by Judge Lugert. Sometime thereafter he was brought to trial before a Justice of the Peace of the Town of Claverack, one Erwin A. Schneider, and was adjudged guilty and fined the sum of $10.
There is no authority in law for the substitution of a Magistrate. Once a defendant is brought before a Justice of the Peace and he is arraigned, the jurisdiction of the court is established and such jurisdiction thereafter continues before the Justice who had made the arraignment until the defendant is either convicted and sentenced, or discharged. (See People ex rel. Root v. Wasmer, 201 Misc. 71.)
It would appear that the defendant cannot even consent to be tried before any other Justice. (People ex. rel. Lotz v. Norton, 76 Hun 7.) The trial and judgment rendered by Judge Schneider is therefore a nullity and I am therefore compelled to reverse *615 the conviction. Nothing, however, herein stated should prevent the continuance of the trial before Judge Ltjgert who obtained jurisdiction and has not by any of the subsequent proceedings lost jurisdiction. The conviction before Judge Schneider having-been held by this court to be a nullity, no question of double jeopardy will be involved. (People ex rel. Hosmer v. Jackson, 276 App. Div. 1037; People ex rel. Hillman v. Hull, 131 Misc. 253; People ex rel. Root v. Wasmer, 201 Misc. 71, supra; People ex rel. Meyer v. Warden of Nassau County Jail, 269 N. Y. 426.)