Francis X Tucicer,
Acting County Judge. The incumbent Ulster County Judge, the Honorable Raymond J. Mino has disqualified himself by reason of the fact that he was District Attorney of Ulster County at the time this ease was prosecuted by one of his assistants and has certified this matter to the Surrogate of Ulster County, as Acting County Judge, pursuant to the provisions of section 44 of the Code of Criminal Procedure.
This is an appeal from a judgment of conviction for assault in the third degree after a jury trial on June 16, 1960 before the Hon. Edward Brodsky, Justice of the Peace of the Town of Rosendale, acting as Police Justice of the Village of Rosendale.
It appears from the return and affidavit of errors on appeal that Justice Brodsky issued the warrant and arraigned the defendant outside of the Village of Rosendale on May 27, 1960 and that he presided at the jury trial of the defendant outside of the Village of Rosendale on June 16, 1960. All of the proceedings took place within the Town of Rosendale and the return indicates Justice Brodsky conducted a fair trial in a judicial manner.
At the time of the arraignment, the defendant was not represented by counsel, however, he appeared with counsel in the person of William P. Curran, Esq., at the time of the trial. His counsel objected to the jurisdiction of Justice Brodsky on the ground that he had not properly qualified as Acting Police Justice. The Justice’s return and the defendant’s affidavit of errors are silent as to the availability of the Police Justice at the time of the issuance of the warrant and the arraignment and also at the time of trial. There seems to be no dispute that Justice Brodsky purported to function as Acting Police Justice in all of the proceedings herein and the principal question to be *919 determined on this appeal is whether or not Justice Brodsky had jurisdiction in the premises.
The Village Board of the Village of Rosendale adopted a resolution which provided that in the absence of the Police Justice, Edward Brodsky or the other Justice of the Peace of the Town of Rosendale, who was mentioned by name, was appointed Acting Police Justice. The defendant contends that since Justice Brodsky, following his appointment by the Village Board, never filed his oath of office, he was not qualified to sit as Acting Police Justice. It is unnecessary to determine whether the filing of the oath was necessary under the circumstances as in the opinion of the court such appointment was invalid. Section 187 of the Village Law of the State of New York authorizes the appointment of an “ acting police justice of the village This would appear to limit the appointment to a single Acting Police Justice rather than to more than one as was attempted in this case.
The invalidity of this appointment is not controlling in the case at hand in view of the provisions of the section 60 of the Code of Criminal Procedure. That section provides, “ A justice of the peace in a town including the whole or any part of a village in which the office of the police justice is established, may hold a court of special sessions in the town, and during the absence or inability of the police justice and acting police justice, if any, to perform the duties of the office of the police justice, shall have jurisdiction to hear, try and determine charges of any misdemeanor committed within that part of the village located within the town ”.
Defendant has objected to the conduct of the proceedings outside of the village, however the language of this section expressly authorizes the Justice of the Peace in these circumstances to conduct the proceedings in the town.
The record before this court is sufficient to conclude that the Justice of the Peace was authorized to act pursuant to section 60 of the Code of Criminal Procedure and therefore, during the absence or inability of the Police Justice to act had jurisdiction in the premises and could hold court outside the village.
In view of the fact that Justice Brodsky entertained the application for a warrant in the first instance I will assume the Police Justice was in fact unavailable and thus under section 60 of the Code of Criminal Procedure Justice Brodsky had authority to issue the warrant and arraign the defendant on May 27,1960. At the time of trial on June 16,1960 the defendant was represented by counsel and the issue of the jurisdiction of Judge Brodsky was raised.
*920 There is nothing in the return to indicate the authority for continuing the jurisdiction of the Acting Police Justice. A Justice of the Peace functioning as an Acting Police Justice acts as the alter ego of the Police Justice and his power to act ceases on the return or removal of the disability of the Police Justice. He is then automatically disqualified. (People v. Vogler, 6 Misc 2d 226.)
There is no similar procedure for the substitution of one Justice of the Peace for another but the Legislature has, by section 187 of the Village Law, provided a method for the substitution of Judges in the village courts. The jurisdiction of the defendant, having been acquired- by the convening of court by the Acting Police Justice, is properly continued before the Police Justice without a County Court order under section 702-a of the Code of Criminal Procedure. (People v. Vogler, 6 Misc 2d 226, supra.)
Having assumed jurisdiction of the defendant during the absence of the Police Justice the Justice of the Peace functioning as an Acting Police Justice should have scheduled the trial of the defendant before the Police Justice unless the Police Justice continued to be unavailable. Under the language of section 60 of the Code of Criminal Procedure authority is conferred upon the Acting Police Justice “ during the absence or inability of the police justice and acting police justice, if any, to perform the duties of the office of police justice ’ ’. To confer jurisdiction upon the Justice of the Peace serving as Acting Police Justice, it must affirmatively appear that the Police Justice is absent or unable to serve and the return in this case does not so indicate. We are dealing with a Court of Special Sessions and it is an inferior court, not of record, therefore, its jurisdiction will not be presumed but must affirmatively appear. (People v. Freer, 171 Misc. 478; People v. McLaughlin, 57 App. Div. 454.)
The judgment of conviction aforesaid was jurisdictionally defective and a nullity, and therefore is reversed. The information and charge against the defendant is dismissed and it necessarily follows that any sentence under said judgment of conviction is vacated.